UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY HAYES, | ) | CASE NO. 3:05CV2958 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KHELLEH KONTEH, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas. (Doc. No. 13). Petitioner Terry Hayes (Petitioner or Hayes) has filed objections to the Report (Doc. No. 18); however, the objections were untimely.[1] For the reasons that follow, the Report and Recommendation is **ADOPTED**, and Petitioner's application for a writ of habeas corpus (Doc. No. 1) is **DENIED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Court provides a brief review of the facts gleaned from the State appellate court's findings. *See State v. Hayes*, Nos. L-03-1221, L-03, 1222, 2004 WL 2785290 (Ohio App. Dec. 3, 2004).

---

[1]This case was originally on the docket of Judge John Adams. On January 17, 2007, Judge Adams granted Petitioner's motion for an extension until February 15, 2007 to file his objections, cautioning that there would be "no further extensions." (*See* Doc. No. 15). Notwithstanding this warning, Petitioner sought a second extension of time until March 15, 2007. Judge Adams granted this motion, but very emphatically stated: "No further extensions will be granted." (Doc. No. 17, underlining in original). Inexplicably, and without leave of Court, Petitioner filed his objections on April 19, 2007.

There is no way that these objections can be considered timely, given the generous extensions of time granted by Judge Adams. Therefore, this Court need not consider the objections of Petitioner; however, had they been considered, the result would have been the same.

On the afternoon of November 15, 2002, teenager Andrew Coffey was robbed at gunpoint while working at his mother's store in Toledo, Ohio. When the police arrived about five minutes after the robber left the store, Coffey described the robber as an African-American male with a sock pulled down over much of his face, wearing jeans and a waist-length black leather coat. Coffey stated that, as the robber brandished the gun in his face and told him not to move, he observed the robber's exposed face from the upper lip down. When the robber turned to leave, Coffey noticed his hair was pulled back into a "ball" the size of an orange. At trial, Coffey described the gun as being black and looking like a semiautomatic.

In March 2003, a police investigator came to Coffey's mother's store to show him a photo array. After a few seconds,[2] Coffey picked out Petitioner's picture. He testified that he felt no pressure to pick someone and that the officer made no suggestion that the suspect's picture was in the array. Coffey selected Petitioner's picture mostly based upon his hair and his overall size.

Amanda Karcsak, Petitioner's girlfriend around the time of the robbery, testified that, at that time, Petitioner's hair was long and usually in braids, occasionally in a ponytail, but never in a bun or ball at the back of his head. She also stated that Petitioner owned a black leather coat; but she described its length as somewhere between his knees and his waist. Karcsak further testified that Petitioner had large sums of money in the fall of 2002; on cross-examination, she clarified that she meant "a couple of hundred dollars."

---

[2]Coffey testified that it took him about 30 seconds to pick out the photo; the investigating officer testified that it only took three to four seconds.

Following a bench trial, Petitioner was convicted of aggravated robbery, with a gun specification, and a separate count of robbery. The trial court sentenced Petitioner to two concurrent seven-year terms of imprisonment, plus three years on the gun specification. He was also given 17 months on an attempted escape charge to which he entered a plea of guilty.

Petitioner appealed raising the same three grounds he raises here. The State appellate court affirmed his conviction and sentence and the Ohio Supreme Court declined jurisdiction.

Petitioner filed his § 2254 petition raising the three grounds discussed in the Report and Recommendation.

## II.   STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."[3]

With respect to challenges to the determinations made by the appellate state courts in Petitioner's case, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an

---

[3]As already noted, Petitioner's objections were not timely filed.

unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Habeas relief is also available where the result in the state court represented a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Where a ruling in state court is "on the merits," this Court must give "deference to the state court" and its determination. *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

### III.  LAW AND ANALYSIS

The § 2254 petition raises three grounds for relief, all of which were addressed by the Report and Recommendation.

First, Petitioner asserts that the verdict was against the manifest weight of the evidence. In this ground, since there was no accomplice or witness testimony, no confession, and no forensic evidence in the form of either a recovered gun or money, Petitioner is primarily challenging the identification testimony which played a large part in his conviction.

Related to this argument is Petitioner's third ground, namely, that by failing to move for suppression of the out-of-court photo identification, his counsel provided ineffective assistance. Of course, in order to show ineffective assistance, Petitioner must first establish that the photo array was unduly suggestive. Absent that, counsel could not be found ineffective for not having filed a motion. Therefore, the underlying issue in grounds one and three is the victim's identification of Petitioner as the perpetrator.

Lastly, Petitioner's second ground asserts that his conviction cannot stand because there was no evidence of one of the elements of the crime, namely, that he used an operable firearm in the commission of the robbery.

As already noted, Petitioner failed to *timely* file any objections to the Report and Recommendation. Even if his objections had been timely filed, this Court would not have been required to give *de novo* review of the Report and Recommendation relating to his second ground for relief because he made no objection regarding that ground. His untimely filing raises only one objection, namely, that his identity as the robber was not proven beyond a reasonable doubt, an objection which implicates only the conclusions relating to grounds one and three. Although the Court need not consider this untimely objection, even if the Court were to consider it, the result would be the same with respect to the issue of identification.

The Magistrate Judge carefully evaluated the testimony relating to the robber's identification by the victim and noted that, although the initial physical description was somewhat vague, Coffey had easily selected Petitioner's picture from a photo array[4] and had further clarified his description by way of independent recall of details at trial.[5] As properly pointed out by the Magistrate Judge, to now prevail on this issue, Petitioner must prove that the State appellate court's conclusion that the trial court's judgment was not against the manifest weight of the evidence was an "objectively unreasonable" application of clearly established federal law, a test which Petitioner cannot meet.

---

[4]In the context of deciding whether Petitioner had been denied effective assistance of counsel due to the failure to move for suppression of the out-of-court photo identification, the State appellate court concluded that the photo array was not unduly suggestive.

[5]The Magistrate Judge's analysis is found in both grounds one and three. Ground one more directly challenges the sufficiency of the identification evidence. Ground three raises an ineffective assistance of counsel claim based on counsel's failure to move for suppression of what Petitioner characterizes as an unduly suggestive out-of-court photo array.

Having given *de novo* review to the Magistrate Judge's Report and Recommendation on the sole objection untimely raised by Petitioner, the Court concludes that there is no error and that any objection must be overruled.

## IV.   CONCLUSION

For the above stated reasons, the Magistrate Judge's Report and Recommendation is hereby **ADOPTED** and the petition for habeas corpus relief is hereby **DENIED**. This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This action is hereby **DISMISSED**.


**IT IS SO ORDERED.**


Dated: March 4, 2008                                   *s/ Sara Lioi*
                                                   **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**